IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD EDWARD TUCKER,            :
           Plaintiff,        :    CIVIL NO. 1:CV-03-0393
                             :
    v.                           :    (Judge Kane)
                             :
AL FARLEY, et al.,               :
           Defendants        :

**MEMORANDUM AND ORDER**

Plaintiff Ronald Edward Tucker, formerly an inmate at the Federal Correctional Institution at Allenwood (FCI-Allenwood), initiated this civil rights action on March 5, 2003, with the filing of a Motion for an Emergency Preliminary Injunction. (Doc. 1). On March 7, 2003, the Plaintiff filed a "complaint for damages pursuant to 28 U.S.C. § 1331" naming the following as Defendants: Al Farley and Don Wilcome, both employed in "Inmate Systems"; "Legal Instruments Examiner," Carol Coffey; Mailroom Technicians Debbie Wolever, Scott Pauling, Charles Fagley, Steve Shank, and Laurie Ficks; Warden Stan A. Yates; Mickey E. Ray, Regional Director of the Northeast Region; Harrell Watts, Administrator of National Inmate Appeals; Director of the Bureau of Prisons, Kathleen Hawk-Sawyer, and Unknown Mailroom Officers. (Doc. 5). Presently pending is the Defendants' motion to dismiss or, in the alternative for summary judgment. (Doc. 35). For the reasons set forth below, the motion to dismiss will be granted in part and the parties will be afforded a period of time in which they may conduct limited discovery.

I. Background.

On March 24, 2004, a Memorandum and Order were issued granting the Defendants' motion to dismiss, dismissing the Plaintiff's Complaint and closing the case. The Plaintiff then filed a timely motion for reconsideration. On August 6, 2004, the following Order, addressing the motion

for reconsideration, was issued:

> Based upon Tucker's motion for reconsideration, it appears that the Court's efforts to streamline the claims, which are contained in one-hundred-twelve typewritten paragraphs spanning twenty-seven pages, have fallen short of the Plaintiff's expectations in that some of his claims were not considered. While the Court does not completely agree with Plaintiff, there is partial merit to the motion. Thus, the motion will be granted in part and denied in part and an Amended Memorandum and Order which addresses the concerns raised by the Plaintiff will be issued.

(Doc. 63). Also issued on August 6, 2004, were the Amended Memorandum and Order, which disposed of all claims except the Plaintiff's First Amendment freedom of speech claim, and his constitutional challenge to 28 C.F.R. §§ 540.18 and 540.19 and Bureau of Prisons Program Statement 5265.11. (Doc. 64). At that time, Defendants were ordered to file a supplemental brief on these issues. Thereafter, the Plaintiff filed a motion for reconsideration of the August 6, 2004 Order, and also moved to strike the Defendants' supplemental brief, which Defendants filed on September 27, 2004. (Doc. 69). The motions were denied in December 2004, and the Plaintiff was afforded additional time to file a response to the Defendants' supplemental brief. (Docs. 72 and 73). On January 7, 2005, the Plaintiff filed his response to the Defendants' brief. (Doc. 74).

The matter is now in a procedural posture that enables the Court to consider the Plaintiff's remaining claims; that the Defendants' violated the Plaintiff's First Amendment rights to free speech and expression, and that 28 C.F.R. §§ 540.18 and 540.19, and Bureau of Prisons Program Statement 5625.11, the regulations governing the opening of legal mail, are unconstitutional and, thus, deny him free speech and access to the courts. The pertinent allegations follow.

Beginning in September 2001, while incarcerated at FCI-Allenwood, Plaintiff began corresponding with Attorney Sally Wasserman ("Attorney Wasserman"), in connection with pending legal matters. After receiving letters from Attorney Wasserman that were "opened and presumably

read by staff" in the mail room at FCI-Allenwood, the Plaintiff complained to the mail room staff about the opening of his legal mail outside his presence. (Doc. 5, p. 5, ¶ 16). He was informed that his mail was being opened because it did not contain "special mail" markings. The Plaintiff then wrote to Attorney Wasserman and requested that she mark the envelope "Legal mail - open only in presence of inmate." (Doc. 5, p. 6, ¶ 19). The Plaintiff alleges that despite the fact that all subsequent correspondence was marked as required, his mail continued to be opened outside his presence. In addition to the correspondence received from Attorney Wasserman, letters from the Second Circuit Court of Appeals, Third Circuit Court of Appeals, and Department of Justice Agencies, *inter alia*, were opened outside the Plaintiff's presence.

The Defendants move to dismiss these claims, or in the alternative, seek an entry of summary judgment.

II. Motion to Dismiss.

A. Standard of Review.

The court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The truth of plaintiff's allegations is assumed, and all favorable inferences drawn therefrom. See *Rocks v. City of Philadelphia*, 868 F.2d. 644, 645 (3d Cir. 1989). However, conclusory allegations that fail to give a defendant notice of the material elements of a claim are insufficient. *See Sterling v. SEPTA*, 897 F. Supp. 893, 895 (E.D. Pa. 1995). The pleader must provide sufficient information to outline the elements of the claim, or to permit inferences to be drawn that these elements exist. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

Throughout the evaluation process, the court is cognizant that, "however inartfully pleaded,"

the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519 (1972). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

 B. Discussion.

  1. Exhaustion of administrative remedies.

The Defendants first seek to dismiss the Plaintiff's remaining claims on the grounds that Plaintiff failed to exhaust his administrative remedies. The Bureau of Prisons (BOP) has established an administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq.*, whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at §542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id.* at §§542.15(a) and 542.18. No administrative remedy appeal is considered to have been fully exhausted until it has been presented to, and denied by, the BOP's Central Office. (Doc. 69, Ex. B, Declaration of Susan Albert, Paralegal at the United States Department of Justice at the Federal Correctional Complex at Allenwood, Pennsylvania (Albert Dec.), ¶ 4 citing 28 C.F.R. §§ 542.10 and 542.15).

Defendants contend that "[a] search of SENTRY records indicate that Tucker has filed a total of 65 administrative remedies, none of which address his issues of the above-mentioned claims. Thus, Tucker has failed to exhaust the administrative remedy process regarding the issues that remain in his complaint." (*Id*. at ¶ 9).

The Plaintiff responds by stating that he "unequivocally complained of the unconstitutionality of 28 C.F.R. §§ 540.18 and 540.19." (Doc. 74, p. 3). He points to Administrative Remedy 275536-RI wherein he states "I respectfully request that mailroom staff stop opening my legal/private/confidential mail outside my presence. I would also ask that §§ 540.18 and 540.19 be repealed or amended to not include a "special mail" marking requirement, as it has already been established that this practice 'affronts' the Sixth Amendment." (Doc. 50, p. 38, "PR.15"). He also referenced his "right of free access to the courts and my privacy interest" as well as the fact that the policy concerning the opening of legal mail "effectively chills access to the courts or a governmental entity that is intimately related to the administration of justice." (*Id*. at p. 37, "PR. 14"). Based upon the filing of this grievance, which was appealed to final review, the Court rejects the Defendants' argument that they are entitled to dismissal of the remaining claims on the grounds of failure to exhaust administrative remedies. (*Id*. at "P.R. 21").

    2. Constitutionality of 28 C.F.R. §§ 540.18 and 540.19.

Defendants argue that Plaintiff's claim concerning the constitutionality of the mail handling regulations is without merit. At issue are two separate regulations, 28 C.F.R. §§ 540.18 and 540.19 and BOP Program Statement 5265.11.

The pertinent portion of 28 C.F.R. § 540.18 states as follows:

> § 540.18 Special mail.

> (a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate."
>
> (b) In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.

The applicable section of 28 C.F.R. § 540.19 reads as follows:

> (b) The inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate." Legal mail shall be opened in accordance with special mail procedures (see § 540.18).

Because the challenged BOP Program Statement simply restates what is contained in the regulations, the following discussion of the constitutionality of the regulations also applies to the Program Statement.

In relying on the Supreme Court case of *Procunier v. Martinez*, 416 U.S. 396 (1974), the Defendants argue that "censorship of mail is justified if the regulation or practice in question furthers an important government interest unrelated to suppressing expression, and the limitation on expression is no greater than necessary to further the government interest involved." (Doc. 69, p. 9, *citing Procunier*, 416 U.S. at 413-14). They further argue, based upon a Fourth Circuit case which addressed the challenge to the same regulations at issue here, there were no constitutional violations with the manner in which the BOP processed the mail. (*Id., citing U.S. v. Stotts*, 925 F.2d 83 (4th Cir. 1991).

In opposing the motion, the Plaintiff urges the Court to follow a case authored by the

Honorable William J. Nealon, which held that:

> [t]he requirement that legal mail be identified as 'special mail' does not serve any significant purpose, and it poses a threat of chilling federal prisoners' right of free access to the courts. The court, then, determines that the practice authorized under 28 C.F.R. §§ 540.18 and 540.19 of requiring a 'special mail' marking in order that legal mail be opened in the presence of the addressee/inmate affronts the Sixth Amendment.

*Thornley v. Edwards*, 671 F. Supp. 399, 343 (M.D.Pa. 1987). Plaintiff's reliance on this case is misplaced. Since *Thornley* was decided, the landscape of access to the courts claims has significantly changed. Specifically, the Supreme Court has held that in order to pursue such a claim, one must prove that interference with legal mail caused him an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). While no such requirement existed when *Thornley* was decided, such a claim could not now proceed in the absence of alleging an actual injury. Although *Thornley* has not explicitly been overruled, its precedential value as it relates to the constitutionality of the regulations on the grounds of access to the courts, is called into question.[1] Consequently, Plaintiff fails to come forward with authority that would lead the court to conclude that the mail regulations are unconstitutional. In addition, there is significant authority upholding the constitutionality of the BOP's regulations and policies governing processing of Special Mail and General Correspondence. *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993); *Henthorn v. Swinson*, 955 F.2d 351 (5th Cir. 1992); *Martin v. Brewer*, 830 F.2d 76, 77-78 (7th Cir. 1987); *cf. Brown v. Williams*, 1998 WL 841638, at *3 (E.D.N.Y. Dec. 2, 1998); *Deusch v. United States Dept. of Justice*, 881 F. Supp. 49, 54-55 (D.D.C. 1995). This claim will therefore be dismissed.

---

[1] Also of note is the fact that Plaintiff's First Amendment and Sixth Amendment access to courts claims were dismissed in the memorandum and order of August 6, 2004, because the Plaintiff failed to allege an actual injury.

    3. First Amendment.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

> In *Turner v. Safley* the Supreme Court identified the crucial balance in assessing inmates' claims that their constitutional rights were violated by prison regulations. While "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution . . . 'the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree.'" 482 U.S. at 84, 107 S.Ct. 2254 (quoting *Procunier v. Martinez,* 416 U.S. 396, 404-405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974)). Recognizing this tension in principles, *Turner* established the standard of review for prisoner constitutional claims: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89, 107 S.Ct. 2254.

*DeHart v. Horn* 390 F.3d 262, 268 (3d Cir. 2004). The *Turner* Court developed the following four-part test for assessing the overall reasonableness of such a regulation:

> As a threshold inquiry, "there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." [Turner, 482 U.S. at 89] (quoting *Block v. Rutherford,* 468 U.S. 576, 586, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984)). Courts must then determine "whether there are alternative means of exercising the right that remain open" to prisoners, and "[what] impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* at 90, 107 S.Ct. 2254. Finally, a regulation's reasonableness may be evidenced by "the absence of ready alternatives" that would fully accommodate the constitutional right "at *de minimus* cost to valid penological interests." *Id.* at 90-91, 107 S.Ct. 2254. These requirements "serve as guides to a single reasonableness standard," but the first "'looms especially large' because it 'tends to encompass the remaining factors, and some of its criteria are apparently necessary conditions.'" *Waterman v. Farmer,* 183 F.3d 208, 213-14 (3d Cir.1999)(quoting *Amatel v. Reno,* 156 F.3d 192, 196 (D.C.Cir.1998)).

*Ramirez v. Pugh,* 379 F.3d 122, 125 -126 (3d Cir. 2004); *See also, Cochran v. Pinchak*, 401 F.3d 184, 191 (3d Cir. 2005).

In their supplemental brief, the Defendants address each of the *Turner* requirements. With regard to the first factor, the regulation must be reasonably related to a legitimate penological objective and that rational connection must not be "so remote as to render the policy arbitrary or irrational." *Turner*, 482 U.S. at 90, 107 S.Ct. 2254 *quoting Block v. Rutherford*, 468 U.S. 576, 586, 104 S.Ct. 3227 (1984), *see also, Waterman v. Farmer*, 183 F.3d 208, 215 (3d Cir. 1999). Security concerns are cited as the legitimate government interest that justifies the regulations. In support of the second factor, Defendants suggest that legal mail is not the only means of communication available to an inmate. For instance, inmates generally have access to the telephone and the ability to partake in personal visits. It is asserted that the impact of accommodating the asserted right on other inmates and prison personnel would compromise the security of the institution. With respect to the reasonableness of the regulations, the defendants state that the regulations guarantee attorneys and other qualified parties that their correspondence will receive special treatment if they comply with the regulations. (Doc. 69, pp. 10-13).

The Plaintiff does not challenge the Defendants' position that the regulation meets each of the four *Turner* requirements. As such, the Defendants motion will be granted on this ground. Rather, Plaintiff maintains that the opening of his properly marked incoming legal mail outside his presence, in violation of the mail regulations, violates his First Amendment right. As previously found by the Court, such allegations state a First Amendment claim. Therefore, this claim will proceed and the parties will be afforded a period of time in which to conduct discovery.

IV. Order.

**AND NOW**, this 18th day of April 2005, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

      1. The Defendants' motion to dismiss (Doc. 35) the Plaintiff's constitutional challenge to 28 C.F.R. §§ 540.18 and 540.19 and Bureau of Prisons Program Statement 5265.11, and the claim that the regulations and program statement violate the First Amendment, is GRANTED;

      2. The Plaintiff's claim that the opening of his properly marked incoming legal mail outside his presence, in violation of the mail regulations, violates his First Amendment freedom of speech will proceed;

      3. The Defendants shall file an Answer within twenty (20) days of the date of this Memorandum and Order;

      4. The parties are afforded sixty (60) days from the date of this Memorandum and Order to conduct discovery on the sole remaining claim of whether the Plaintiff's First Amendment rights were violated by the alleged opening of properly marked incoming mail outside his presence;[2]

      5. Any and all dispositive motions shall be filed within ninety (90) days of the date of this Memorandum and Order.

                                      s/ Yvette Kane
                                      YVETTE KANE
                                      United States District Judge

---

[2] Inasmuch as the Plaintiff attempts to raise claims that were dismissed by prior Memorandum and Order, or new claims, such as retaliation or the handling of "Returned Mail," (Doc. 74, pp. 7, 8), the Plaintiff is cautioned that such claims are not before this Court and are not to be the subject of any discovery requests. Any and all discovery requests are to be limited to the sole remaining First Amendment claim delineated in this Memorandum and Order.