**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD EDWARD TUCKER,** | : | **CIVIL NO. 1:CV-03-0393** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **AL FARLEY, et al.,** | : | |
| **Defendant** | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

Presently pending is Defendants' motion to dismiss, or in the alternative, for summary judgment, which was filed on August 4, 2005. (Doc. 79). A supporting brief was filed on August 18, 2005. (Doc. 80). Plaintiff failed to file a brief in opposition to the motion. See L.R. 7.6 ("Any party opposing any motion shall file a responsive brief. . . . [or] shall be deemed not to oppose such motion."). Therefore, on October 4, 2005, an order was issued directing Plaintiff to file a brief in opposition to the motion on or before October 19, 2005. (Doc. 82). At that time, Plaintiff was cautioned that his failure to comply with the order may result in the granting of the motion, or dismissal of this case for failure to prosecute. See L.R. 7.6; FED. R. CIV. P. 41(b). (Id.). As of this date, Plaintiff has not filed a response or brief in opposition to Defendants' motion and Defendants have filed a "Notice To Court" requesting dismissal of the action. (Doc. 83). Consequently, Plaintiff's case will be dismissed for failure to prosecute. See FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting sua sponte dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute).

**II. Discussion.**

Plaintiff was advised of the necessity of responding to Defendants' motion, and to an order of court, and is personally responsible for failing to do so. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor). His conduct has prejudiced Defendants by requiring Defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion. See id. (identifying "[p]rejudice to the adversary" as second factor). Further, Plaintiff's failure to respond to Defendants' motion or orders of court, constitutes a history of dilatoriness. (Docs. 79, 82), see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor). Plaintiff's failure to respond to the order of court (Doc. 82) when previously advised by the court that inaction may result in dismissal of the above-captioned case also constitutes willful disregard of the court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor).

Admission of certain facts or evidence or assessment of costs against Plaintiff would be ineffective to deter Plaintiff's conduct because Plaintiff has already been deemed not to oppose the motion[1] and because Plaintiff is proceeding *in forma pauperis* in this action. (Doc. 14), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor). Lastly, review of Defendants' motion and supporting brief leads the Court to conclude that Plaintiff's claim arguably lacks *prima facie* merit. (Docs. 79-80), see Poulis at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor).

---

[1] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

**III. Order**.

**AND NOW**, this 15th day of November, 2005, upon consideration of Defendants' motion to dismiss and for summary judgment (Doc. 79), filed on August 4, 2005, and it appearing that plaintiff has not filed a brief in response to the motion as of the date of this order, and has therefore failed to prosecute this action, it is hereby **ORDERED** that:

1. The above-captioned action is DISMISSED for failure to prosecute. See Fed. R. Civ. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

        S/ Yvette Kane
        YVETTE KANE
        United States District Judge